

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,941-01

### EX PARTE GUY OLIVER SHIFLETT, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. WRIT10033 IN THE 354TH DISTRICT COURT
### FROM HUNT COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of failing to register as a sex offender and sentenced to imprisonment for four years.

Applicant contends he was not required to register as a sex offender, therefore he is actually innocent. He also contends that his plea was involuntary because counsel failed to investigate Applicant's duty to register as a sex offender.

Applicant was charged with failing to register with an offense date of June 19, 2015.

According to the record, information provided to the District Attorney's office by DPS and TDCJ indicated that Applicant had a prior conviction for indecency with a child by sexual contact, and was required to register, in accordance with Chapter 62 of the Code of Criminal Procedure, for life.

However, Applicant was convicted of the offense alleged in the indictment: indecency with a child by exposure. Therefore, Applicant had a duty to register as a sex offender for ten years post discharge. TEX. CODE CRIM PROC. Art 62.102; TEX. PENAL CODE § 22.01. Therefore, the period during which Applicant was required to register as a sex-offender expired on April 6, 2014. Applicant was no longer required to register as a sex offender after this date.

The trial court recommends granting relief. This Court does not find Applicant actually innocent. However, Applicant's claim that his plea was involuntary is supported by the habeas record.

Relief is granted. The judgment in Cause No. 30785 in th 354th District Court of Hunt County is set aside, and Applicant is remanded to the custody of the Sheriff of Hunt County to answer the charge against him. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Parole Division.


Filed: November 7, 2018
Do not publish